UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ABDOU THIOR,

              **Plaintiff,**

  - v. -

JETBLUE AIRWAYS, INC.,

              **Defendant.**

----------------------------------------------------------x

OPINION & ORDER

13-cv-6211 (NG) (SMG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 24 2017 ★
BROOKLYN OFFICE

GERSHON, United States District Judge:

Plaintiff Abdou Thior brings this action against JetBlue Airways, Inc. for discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as New York Executive Law § 296 ("NYSHRL") and New York City Human Rights Law, N.Y. Admin. Code § 8-107 ("NYCHRL"). In his complaint, plaintiff alleges that he was discriminated against on the grounds of race and national origin when he received a failing mark at a pilot training program, which temporarily disqualified him from being eligible for a promotion. Plaintiff seeks back pay, front pay, and that the failing mark be removed from his record. Defendant now moves for summary judgment seeking dismissal of plaintiff's claims in their entirety. For the reasons set forth below, defendant's motion is granted on the ground of timeliness.

I.    **Facts**[1]

Plaintiff describes himself as a black, Senegalese-American. He began working at JetBlue in 2007 as a pilot, initially as a "first officer" and later as a captain after a promotion in March of

---

[1]    I focus on those facts relevant to the timeliness issue. These facts, relating to when various incidents occurred, are undisputed.

2014 (approximately four months after initiating this lawsuit). JetBlue requires its pilots to pass an annual training program known as the Annual Recurrent Training (the "Training").

In January of 2011, plaintiff attended a Training at which his training partner was James Hughes and his trainer was James Olenik, both of whom are Caucasian males. Plaintiff alleges that Olenik discriminated against him at the Training by: (1) mocking his accent; (2) diverting from the standardized Federal Aviation Administration ("FAA") approved syllabus; and (3) giving him a failing mark despite his having performed competently. The defendants dispute that there was any discrimination.

It is undisputed that, after receiving a failing mark in January of 2011, plaintiff was required to attend a remedial course for one year, during which time he was ineligible to receive a promotion. According to defendant, JetBlue's policy is that a person who receives a failing mark must complete one year of remedial training. In his complaint to the Equal Employment Opportunities Commission ("EEOC"), plaintiff identified March of 2011 as the date on which his eligibility for promotion, based on seniority, would have accrued had he not been in the remedial training program.

After he failed the Training and was placed into the remedial program, plaintiff filed internal grievances with JetBlue and requested that he be removed from the remedial program, but these requests were denied in September of 2011. Plaintiff ultimately filed a complaint with the EEOC on March 1, 2012.

In his complaint, plaintiff claims discrimination based on race and national origin pursuant to: (1) Title VII; (2) NYSHRL and (3) NYCHRL.[2]

---

[2] On September 16, 2016, I denied plaintiff leave to amend his complaint to add claims alleging: (1) a pattern or practice of discrimination; (2) a hostile work environment; and (3) retaliation. *Thior v. JetBlue Airways, Inc.*, 2016 WL 5092567 (E.D.N.Y. Sept. 19, 2016).

2

## II. Discussion

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate if the movant demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). "A dispute is not genuine unless the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Shiflett v. Scores Holding Co., Inc.*, 601 Fed. Appx. 28, 29 (2d Cir. 2015) (internal quotation omitted). A court is required to "construe all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in its favor." *Dickerson v. Napolitano*, 604 F.3d 732, 740 (2d Cir. 2010). The moving party bears the burden of proof that no genuine issues of fact exist, but, once it satisfies this initial burden, the burden then shifts to the nonmoving party to present evidence that there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Rosenfeld v. Hostos Comty. Coll.*, 554 Fed. Appx. 72, 73 (2d Cir. 2014). Here, as noted, the facts material to the issue of timeliness are undisputed.

### B. Title VII Claim

"Under Title VII, a plaintiff in New York State must file an employment discrimination charge with the EEOC within 300 days after an alleged unlawful employment practice occurred." *Perez v. Harbor Freight Tools*, 2017 WL 2644638, at *1 (2d Cir. June 20, 2017) (citing 42 U.S.C. § 2000e-5(e)(1)). "This statutory requirement is analogous to a statute of limitations." *Sanderson v. New York State Elec. & Gas Corp.*, 560 Fed. Appx. 88, 90 (2d Cir. 2014) (internal quotation

3

omitted). Here, it is undisputed that plaintiff filed his EEOC charge on March 1, 2012—more than a year (and thus more than 300 days) after Olenik failed plaintiff at the Training.

Plaintiff argues that his claim is nonetheless timely because the entire period that he spent in the remedial program, including the instances in which superiors refused to remove him from the program, constitutes a discriminatory act. Because a supervisor denied plaintiff's request to be removed from the remedial program in September of 2011, plaintiff argues his EEOC charge was timely filed on March 1, 2012, and that the failing mark in January of 2011 constitutes relevant "background evidence." Plaintiff's Opposition ("Pl. Opp.") at 9.

"Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.' [Plaintiff] can only file a charge to cover discrete acts that 'occurred' within the appropriate time period." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). In *Morgan*, the Supreme Court noted that an employee can use "prior acts as background evidence in support of a timely claim," but that, generally, the "continuing violations doctrine" is inapplicable to discrete acts of discrimination.[3] *Id.* at 113. In other words, an employee who suffers multiple discrete acts of discrimination can use those acts falling outside of the timely filing period as background evidence for timely filed claims. However, those untimely acts do not become timely by virtue of the employee having later suffered additional discrete discriminatory acts.

---

[3] "An exception exists for claims that the discriminatory acts were part of a continuing policy and practice of prohibited discrimination . . . such as discriminatory seniority lists." *Valtchev v. City of New York*, 400 Fed. Appx. 586, 588 (2d Cir. 2010). Plaintiff does not argue that JetBlue's policy of mandatory remediation training and consequent ineligibility for a promotion is itself a discriminatory policy. Rather, plaintiff contends that the failing mark in January of 2011 can be considered as "background evidence" and that the entirety of Thior's placement in the remedial program constitutes a discriminatory act.

4

Olenik failing Thior at the Training in January of 2011 was a discrete act. *See Valtchev*, 400 Fed. Appx. at 589 (negative performance evaluations are discrete acts). As plaintiff states, the "EEOC claim is based on the January 2011 incident," which is a discrete act outside of the 300-day filing period, thus making that failing mark untimely. Pl. Opp. at 9. Nonetheless, plaintiff argues that the claim is timely because he continued to feel the effects of that discriminatory act for the entirety of the time that he spent in the remedial program—until approximately January of 2012. Pl. Opp. at 9. If that were the case, then the March 1, 2012 EEOC charge would have been timely filed.

I reject the argument that every day spent in the remedial program constitutes an act of discrimination because defendant's failure to remedy a discrete act of alleged discrimination (the January of 2011 failed Training) does not amount to another act of discrimination. *See Walia v. Napolitano*, 986 F. Supp. 2d 169, 180 (E.D.N.Y. 2013); *Robles v. Cox & Co., Inc.*, 841 F. Supp. 2d 615, 628 (E.D.N.Y. 2012). Holding otherwise would eviscerate the requirement imposed by the 300-day filing period in many cases because the statute of limitations would not begin to run until the allegedly discriminatory action was remedied. Such an outcome would be at odds with *Morgan*, which specifically noted that the failure to promote and a denial of a transfer are discrete acts that trigger the statute of limitations. Under plaintiff's theory, every day worked without eligibility for promotion or transfer would reset the statute of limitations, which is not what *Morgan* envisioned. Rather, the focus is on the date the alleged act of discrimination occurred.

I similarly reject plaintiff's argument that the denial of his request to be removed from the program, in September of 2011, is actionable discrimination. "[An employer's] refusal to reconsider its decision to terminate an employee does not magically transform that isolated incident into an ongoing discriminatory practice. If it did, any Title VII claimant could revive a

5

time-barred complaint simply by asking the defendant to reconsider an allegedly discriminatory decision or action." *Grobert v. Career Ed. Corp.*, 2006 WL 721357, at *2 (E.D.N.Y. Mar. 20, 2006) (internal quotation omitted); *see also Rodriquez v. Cnty. of Nassau*, 933 F. Supp. 2d 458, 462 (E.D.N.Y. 2013) ("[Employer's] failure to respond to Plaintiff's counsel's letter seeking reconsideration [of plaintiff's termination] does not amount to a continuing violation, nor does it create a policy of discrimination such that the continuing violations doctrine should apply."). Plaintiff does not dispute that JetBlue's policy requires pilots who fail a Training to take part in a mandatory remedial program that spans one year, during which time the pilot is ineligible for a promotion. *See* Brian North Dep. at 34-37; JetBlue 56.1 Statement at ¶ 14; Thior Opp. 56.1 Statement.[4] In light of this mandatory policy and the absence of facts to support the notion that the refusal to remove plaintiff from the remedial program was itself motivated by discrimination, defendant's refusal to remove him from the program does not constitute an independent act of discrimination. Rather, it amounts to defendant refusing to reconsider a prior allegedly discriminatory action, which, as stated previously, does not constitute another act of discrimination.

Accordingly, plaintiff's Title VII claims are dismissed as time-barred.

---

[4] Plaintiff's opposition to defendant's motion for summary judgment and the attached Statement of Material Facts ("Rule 56.1 Statement") do not follow the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"). The Local Rules require that, in filing an opposing Rule 56.1 Statement, a party must "include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party." JetBlue filed its Rule 56.1 Statement correctly with numbered paragraphs. However, plaintiff did not respond to each paragraph of JetBlue's Rule 56.1 Statement denying or admitting the allegations contained therein. Instead, plaintiff only notes those paragraphs that he denies. Accordingly, I assume that those paragraphs plaintiff does not explicitly deny are admitted. As to JetBlue's statement of fact in paragraph 14 that plaintiff was placed in this remedial program for one year in accordance with JetBlue's policy, plaintiff does not deny this statement of fact.

### C. New York State and New York City Claims

As discussed above, the claims over which this court has original jurisdiction are dismissed. Therefore, I decline to exercise supplemental jurisdiction over plaintiff's state and local law claims, and they are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III. Conclusion

Defendant's motion for summary judgment is granted. Plaintiff's claims pursuant to Title VII are dismissed with prejudice, and plaintiff's claims pursuant to NYSHRL and NYCHRL are dismissed without prejudice. The Clerk of Court is directed to close the case.

**SO ORDERED.**

/s/ Nina Gershon
**NINA GERSHON**
**United States District Judge**

Dated: Brooklyn, New York
July 24, 2017